UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE MCFARLAND,

    Plaintiff,

    v.                                            Case No. 25-cv-0967-bbc

MILWAUKEE COUNTY JAIL,

    Defendant.

---

## SCREENING ORDER

---

    Plaintiff Lawrence McFarland, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on McFarland's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    McFarland has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). McFarland has filed a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). Based on a review of his statement, the Court finds that McFarland lacks the assets and means to pay an initial partial filing fee, so the Court will waive his obligation to pay an initial partial filing fee and will grant his motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

According to McFarland, "the Milwaukee County Jail" is retaliating against him because he has filed lawsuits against jail staff. He asserts that "they" have violated his rights when it comes to Court mail and now "they" will not give him any mail and are taking pens and stamps from him. He states that when he asks to see his mail from the Court, "they" tell him he can view it on a tablet, which he does not have, or he can pay for printouts. He states that he was able to view his mail on another inmate's tablet. He states that "they" treat him with bitterness, and he does not understand why "they" are mad at him. He asserts that "they" believe that if mail does not come from an attorney, it is not legal mail. He states this is not true because all court mail is legal mail. He acknowledges that he already has a lawsuit pending on this issue. He believes that if the Court sends him mail, he will not get it.

## ANALYSIS

To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). McFarland fails to state a retaliation claim for a couple reasons. First, it is not clear what deprivation he believes he suffered in response to him filing lawsuits against jail staff. McFarland asserts that court mail is being opened outside of his presence and is available for viewing only on jail tablets, but, as the Court explained to him in *McFarland v. Thompson*, Case No. 25-cv-806-bbc, a prisoner suffers no constitutional harm when public documents that "prison officials have as much right to read as the prisoner" or "routine and nonsensitive" nonpublic documents are opened outside the prisoner's

presence. Accordingly, because jail officials have the right to open mail from the Court that is publicly available (meaning, it is docketed on the public record), McFarland has not, on this basis, suffered a deprivation that would likely deter First Amendment activity in the future.

McFarland also alleges that his pen and stamps were taken, but the Court has since received handwritten correspondence from McFarland. From this the Court can infer that any removal of these items was isolated or temporary. The Court cannot reasonably infer, however, that a short-term removal of a pen or stamps is a deprivation that would deter future First Amendment activity, especially if the temporary removal was for disciplinary reasons to maintain the safety and security of the institution. The only other conduct McFarland highlights is to allege that staff treat him bitterly and appear to be mad at him. The Court cannot reasonably infer that dealing with moody or unhappy jail staff is a deprivation that will deter First Amendment activity in the future.

Finally, McFarland also fails to state a claim because he does not specify *who* allegedly retaliated against him. He sues only the Milwaukee County Jail, which is not a person, and the allegations in his complaint make no reference to any individual but only vaguely assert that "they" retaliated against him. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under §1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 also does not create collective or vicarious responsibility. *Id.* Thus, to state a claim, a plaintiff must identify the individuals who were involved and specify the manner in which their actions, or failure to take action, violated his constitutional rights. McFarland fails to do this and therefore does not state a claim upon which relief can be granted.

4

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if McFarland believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **October 13, 2025**. If McFarland chooses to file an amended complaint, he should identify the individual he believes retaliated against him, note the actions that the individual allegedly took, explain how that individual knew that McFarland had engaged in protected First Amendment activity and why he believes the First Amendment activity motivated the individual to act in the way he or she allegedly acted. McFarland is reminded that just because he has lawsuits pending, not every action by jail staff that he disagrees with or that he finds burdensome can be characterized as "retaliatory."

McFarland is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on McFarland's failure to state a claim in his original complaint. If McFarland does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that McFarland's obligation to pay an initial partial filing fee is **WAIVED** and his motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **October 13, 2025**, McFarland may file an amended complaint if he believes he can cure the defects in the original complaint as described

in this decision. The Clerk's Office is directed to mail McFarland a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of McFarland shall collect from his institution trust account the $350 filing fee by collecting monthly payments from McFarland's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McFarland is transferred to another institution, the transferring institution shall forward a copy of this Order along with McFarland remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable Byron B. Conway
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

6

Case 1:25-cv-00967-BBC     Filed 09/16/25     Page 6 of 7     Document 8

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McFarland is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on September 16, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge